Filed 10/14/20  P. v. Jansen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD JANSEN,<br><br>Defendant and Appellant. | C090705<br><br>(Super. Ct. No. CRF190852) |

In August 2019 a jury found defendant Michael Edward Jansen guilty of burglarizing a motor vehicle (Pen. Code, § 459)[1] and petty theft (§ 484, subd. (a)).  In separate proceedings, the trial court found true allegations that defendant served four prior prison terms (former § 667.5, subd. (b)), and was previously convicted of a strike offense.

---

[1] Undesignated statutory references are to the Penal Code.

1

In October 2019 the trial court sentenced defendant to an aggregate term of 10 years in state prison, including the upper term of three years for burglarizing a motor vehicle, doubled pursuant to the three strikes law, and four one-year consecutive terms for the prior prison term enhancements.[2] The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations fee (§ 1465.8, subd. (a)), and a $30 conviction assessment (Gov. Code, § 70373).

Defendant now contends, and the Attorney General concedes, we should strike defendant's prior prison term enhancements based on recent legislation. We agree and will modify the judgment accordingly. Defendant also contends the matter should be remanded to allow the trial court to consider his ability to pay fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157. We conclude defendant has forfeited this claim and will affirm the judgment as modified.

## DISCUSSION[3]

A. *Senate Bill No. 136*

In October 2019 the Governor signed Senate Bill No. 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill No. 136 narrowed eligibility for the one-year prior prison term enhancement to only those who have served a prior prison sentence for a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) The amendment applies "retroactively to all defendants whose judgments are not yet final as of that date." (*People v. Petri* (2020) 45 Cal.App.5th 82, 94.)

---

[2] The court also sentenced defendant to six months in county jail for his petty theft conviction, to be served concurrently with his prison sentence, but discharged that sentence as a result of defendant's presentence custody credits.

[3] We omit any discussion of the underlying facts of this case, as these facts are not relevant to defendant's contentions or to our determination of the merits thereof.

Th parties agree that defendant is entitled to have the four one-year enhancements stricken. His judgment was not final on the effective date of the amendment to former section 667.5, subdivision (b) and his prior prison term enhancements were not based on sexually violent offenses.

As the trial court imposed the maximum possible sentence, there is no need to remand for resentencing. (See *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15; *People v. Winn* (2020) 44 Cal.App.5th 859, 872-873.) Accordingly, we will strike the enhancements and affirm the judgment as modified.

B. *Ability to Pay*

Defendant requests remand for an ability to pay hearing in light *People v. Dueñas, supra,* 30 Cal.App.5th 1157. We agree with the Attorney General that defendant has forfeited this claim.

Defendant was sentenced in October 2019, 10 months after publication of the decision on which he relies. He did not argue that he lacked the ability to pay fines and fees at sentencing, even when the trial court invited argument. His claim on appeal is thus forfeited. (See *People v. Avila* (2009) 46 Cal.4th 680, 729 [finding forfeiture where the defendant failed to object to imposition of restitution fine under former § 1202.4 based on inability to pay].)

## DISPOSITION

The four one-year enhancements imposed pursuant to former section 667.5, subdivision (b) are stricken.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and forward a certified copy to the Department of Corrections and Rehabilitation.


                                             /s/
                                    Duarte, J.


We concur:


    /s/
Hull, Acting P. J.


    /s/
Renner, J.